No. 2585.—MARGARET H. OGIER *v.* A. MARCHAND, Administrator, etc.

The statute requiring all appeal bonds to be made in favor of the clerk of the court from which the appeal is taken is satisfied, if the bond is made in favor of the judge, the clerk and the appellee.

Where a case has been erroneously transferred from the district to the parish court, and an appeal is taken from the judgment rendered by the parish judge, who was. without jurisdiction, the case will be remanded to the district court to be proceeded with according to law.

APPEAL from the Parish Court, of Ascension. *Marks,* Parish Judge. *Nicholas & Leblanc,* for plaintiff and appellant. *J. J. Roman,* for defendant and appellee.

HOWE, J. The plaintiff has moved to dismiss this appeal on several grounds:

*First*—That the defendant, having previously obtained an appeal herein and filed the required bond, and said appeal never having been brought up, abandoned it, and he could not afterwards obtain the appeal now before this court.

The record does not seem to sustain the allegations on which this point is made.

*Second*—That the appeal bond herein is not made payable to the clerk of the lower court, according to law.

The bond is made payable to the judge of the lower court, to the clerk, and to the appellee, and would seem therefore to necessarily include a lawful obligee.

*Third*—Because the defendant, having acquiesced in the judgment by placing the same as a debt due by the succession on his provisional account and tableau, can not appeal therefrom.

The record does not sustain this averment. The judgment is placed on the account in the following terms: "Amount retained to pay

the judgment of Mrs. Ogier, in case it goes against the succession," etc. It is plain that there is no acquiescence in this.

The motion to dismiss being overruled, we proceed to the merits of the appeal, and find that the court a qua was without jurisdiction, ratione materiœ, the amount in dispute being $690 66, with interest from April 1, 1862. The suit was instituted in the district court, and improperly transferred to the parish court.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the cause remanded to the district court, there to be proceeded with according to law; the appellee to pay costs of appeal.